```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


    GINA GARAN,                      )
                                     )
                Plaintiff,           )
                                     )
           vs.                       ) No. 18 C 6165
                                     )
    ANTHONY DiFIORE, et al.,         ) Chicago, Illinois
                                     ) June 12, 2019
                Defendants.          ) 9:41 a.m.


                     TRANSCRIPT OF PROCEEDINGS

              BEFORE THE HONORABLE ROBERT W. GETTLEMAN


    APPEARANCES:

    For the Plaintiff:      BLAISE & NITSCHKE, P.C.
                            BY:  MS. HEATHER LEA BLAISE
                            145 South Wells Street, Suite 1800
                            Chicago, Illinois  60606
                            (312) 448-6602


    For the Defendants:     LANER MUCHIN, LTD.
                            BY:  MR. PETER J. GILLESPIE
                            515 North State Street, Suite 2800
                            Chicago, Illinois  60654
                            (312) 467-9800
```

Official Court Reporter:   NANCY L. BISTANY, CSR, RPR, FCRR
                                 219 South Dearborn Street, Room 1706
                                 Chicago, Illinois 60604
                                 (312) 435-7626
                                 *nancy_bistany@ilnd.uscourts.gov*

```
 1              (Proceedings heard in open court:)
 2              THE CLERK:  18 CV 6165, Gina Garan versus Neverland
 3    Events & Artists.
 4              MS. BLAISE:  Good morning, Your Honor.
 5              Heather Blaise on behalf of the plaintiff.
 6              MR. GILLESPIE:  Good morning, Your Honor.
 7              Peter Gillespie here on behalf of defendants, and
 8    Mr. DiFiore is here as well.
 9              MS. BLAISE:  We're here --
10              THE COURT:  All right.  There's a motion to enforce
11    the settlement agreement again.
12              MS. BLAISE:  Indeed.  And at this time I'd like a
13    judgment entered against both defendants for the amount that's
14    due under the terms of the settlement, and I'd like to proceed
15    against them for all the amounts that we sought in the
16    complaint, since the purpose of the settlement was for an
17    expeditious resolution, which now we've been here on two
18    motions to enforce.
19              And the underlying complaint permits attorneys' fees
20    and costs, and we settled for significantly less than what we
21    think we would have been ultimately successful for.
22              It could be a setoff -- if you enter a judgment
23    against both of them now, it could be a setoff.
24              THE COURT:  They gave you 15 of the 25; is that
25    right?
```

 1          MS. BLAISE:  Correct.

 2          THE COURT:  So I don't know -- just before they

 3 respond, I'm not sure exactly what -- if you want me to enforce

 4 the settlement agreement, that's one thing.  If you want to

 5 withdraw the settlement agreement because they've breached it,

 6 in your view, and go after them for everything, then that's a

 7 different issue.

 8          I mean, I could enter -- I could enforce the

 9 settlement agreement and enter a judgment for the balance, and

10 then you could come in on an attorneys' fee petition or

11 something like that, but right now --

12          MS. BLAISE:  I think that might be --

13          THE COURT:  They seem to be --

14          MS. BLAISE:  -- simplest --

15          THE COURT:  They seem to be inconsistent to enforce

16 the settlement agreement and then go after them for what you

17 would claim in addition to the settlement agreement.

18          Counsel, what do you have to say?  I know you want to

19 withdraw.

20          MR. GILLESPIE:  Yes, Your Honor.  You know, for -- we

21 do have a request to withdraw, you know, based on, you know,

22 the defendants' inability to pay attorneys' fees.

23          Certainly, you know, if that's granted, we would also

24 request an opportunity for the company as well as Mr. DiFiore

25 to find new counsel and, you know, sort through what's being

| | |
|---|---|
| 1 | requested here. |
| 2 | THE COURT: Well -- |
| 3 | MR. GILLESPIE: But at this point, it's really a |
| 4 | simple matter of -- you know, he's been unable to pay the last |
| 5 | ten. He's been unable to pay me. He's got, you know, a host |
| 6 | of other issues with clients, so I don't think that we need to |
| 7 | drag that before the Court right now. But if -- if the motion |
| 8 | proceeds, I think he needs new counsel. |
| 9 | THE COURT: Well, the motion -- if I grant the |
| 10 | motion, I would enter a judgment for $10,000 -- |
| 11 | MS. BLAISE: I would request that today, Your Honor. |
| 12 | THE COURT: -- period. And then they could go and |
| 13 | try and enforce the judgment. |
| 14 | If you withdraw, they're in default anyway because |
| 15 | it's a corporation. At least with respect to the corporation, |
| 16 | the corporation would be automatically in default. |
| 17 | So it seems to me the simplest way to handle this and |
| 18 | probably the best for everybody, because the obligation is |
| 19 | there -- we've been through this a couple times -- is to enter |
| 20 | the judgment for $10,000, and then you can seek whatever |
| 21 | post-judgment relief you think might be appropriate. And that |
| 22 | will give you time to get another lawyer if you need it. But, |
| 23 | you know, poverty is the best defense of any kind in a civil |
| 24 | case. |
| 25 | So I'm going to grant the motion to enforce the |

| | |
|---|---|
| 1 | settlement and enter judgment against both defendants in favor |
| 2 | of the plaintiff for 25 -- for $10,000 -- |
| 3 | MR. GILLESPIE: Your Honor, may I -- sorry to |
| 4 | interrupt. |
| 5 | The settlement agreement, the payment obligation was |
| 6 | coming from the company. |
| 7 | THE COURT: Just the company? |
| 8 | MR. GILLESPIE: Yes. |
| 9 | THE COURT: Okay. |
| 10 | MS. BLAISE: I -- |
| 11 | THE COURT: Is that right? |
| 12 | MS. BLAISE: I disagree. The settlement agreement is |
| 13 | between all the parties. And while it may be that they were to |
| 14 | make the terms of the settlement, the conditions of the |
| 15 | settlement was as to all defendants. So I would not agree to |
| 16 | that. |
| 17 | THE COURT: Do you have a copy of the settlement |
| 18 | agreement? I'm looking for it. |
| 19 | MS. BLAISE: I don't have one with me, and it |
| 20 | probably wouldn't have been attached to the pleading. |
| 21 | THE COURT: Well, I'm looking at the quotation on |
| 22 | page 2 of your motion. The company will pay and cause to be |
| 23 | paid $25,000, et cetera, et cetera. |
| 24 | MS. BLAISE: I'm sure that that's the case, but |
| 25 | both -- both defendants are parties to the lawsuit and -- |

1  THE COURT: So you're enforcing the settlement
2  agreement. The settlement agreement is against the company and
3  not the individual.
4  MS. BLAISE: Well, then we would proceed to judgment
5  as to all defendants instead of entering a judgment today, if
6  that's what they would prefer.
7  THE COURT: Well, you're going to have to do more.
8  You're going to have to withdraw your settlement agreement and
9  say it's breached and then go ahead and prosecute your lawsuit.
10 That's what you're saying.
11 MS. BLAISE: Then that's what we'll do.
12 THE COURT: Or you could file a post-judgment
13 piercing or whatever. If you get it against the corporation,
14 you could still try to get to the individual, but that's a
15 different issue altogether.
16 You've got a decision to make. I'm not sure you've
17 made the decision. If you want the judgment entered, I'll
18 enter it. If you don't want the judgment entered, then
19 withdraw the motion to enforce the settlement agreement, which
20 is only against the corporation.
21 MS. BLAISE: I'll withdraw the motion then and -- so
22 I just need the case to remain open because we had a deadline,
23 and I'll proceed against both of them.
24 THE COURT: All right. So you're going to have to
25 come in on a motion of some sort. I don't know what you're

|  |  |
|---|---|
| 1 | going to do.  What are you going to do now? |
| 2 |          MS. BLAISE:  Proceed with the case, hold them in |
| 3 | default today if he's withdrawing.  They never answered the |

```
 1   going to do.  What are you going to do now?
 2             MS. BLAISE:  Proceed with the case, hold them in
 3   default today if he's withdrawing.  They never answered the
 4   complaint at all, so I think I could hold both of them.
 5             THE COURT:  Well, you're going to have file then a
 6   motion for default --
 7             MS. BLAISE:  Okay.
 8             THE COURT:  -- for default judgment with the setoff
 9   of what you've already gotten.  And tell me when you want to do
10   that.
11             MS. BLAISE:  Within seven days.
12             THE COURT:  All right.  I'll be here on the 19th.
13   That will be my last day for a couple weeks, but I'll be here.
14   So motion it up for the 19th.
15             MS. BLAISE:  Thank you, Your Honor.
16             THE COURT:  So I'm going to grant your motion.
17             So, Mr. DiFiore, what that means is the corporation
18   is basically in default.  In fact, it appears to me that
19   both -- there's been no answer to the complaint, but there was
20   a settlement agreement, so that's what we were dealing with
21   before this.
22             The case had actually been dismissed without
23   prejudice back in January.
24             Claire, what does the docket show?  Is the case
25   termed?
```

1     THE CLERK: Yes, and automatically convert to
2  dismissal with prejudice on 6/10 unless a request was made
3  prior to 6/10 and a motion was filed.
4     THE COURT: Well, her motion to enforce the
5  settlement was filed before that.
6     MS. BLAISE: Right.
7     THE COURT: So we're going to reinstate the case
8  today and get your motion on file by the 19th. And you'll
9  either have to -- see, you have to do some research on this.
10     If the case was termed, whether they're -- the
11  corporation is in default because they're not represented at
12  this point.
13     MS. BLAISE: Uh-huh.
14     THE COURT: But because the case was termed back in
15  January, I'm not sure they're otherwise in default. So you'll
16  have to take a look at that.
17     When were they served? I don't have the docket in
18  front of me.
19     MS. BLAISE: Yeah, I'm not sure. I don't have it in
20  front of me either.
21     THE COURT: The case was filed back in the fall,
22  right?
23     MS. BLAISE: Uh-huh.
24     THE CLERK: It's docket entry 5, Judge.
25     THE COURT: And what is that?

| | |
|---|---|
| 1 | THE CLERK: Summons returned executed on Anthony |
| 2 | DiFiore on 10/22/2018. |
| 3 | THE COURT: So they were in default at the time you |
| 4 | dismissed the case based on the settlement agreement, so you |
| 5 | have to take a look at that and see. |
| 6 | MS. BLAISE: We have continued, I think by agreement, |
| 7 | their response time in an effort to settle it pursuant to a few |
| 8 | minute entries but -- |
| 9 | THE COURT: No, I understand. |
| 10 | MS. BLAISE: Yeah. |
| 11 | THE COURT: I understand that. You had agreed |
| 12 | extensions of time and all the rest of it, so I'm not sure they |
| 13 | were in default. So you're going to have to take a look at |
| 14 | that and make your own decision on it. I'm not going to make |
| 15 | it for you. |
| 16 | But come in -- if you're going to be filing any kind |
| 17 | of motion, file -- motion it up for the 19th on my motion call, |
| 18 | and we'll deal with it at that point. But right now you have |
| 19 | an unrepresented corporation so they're automatically in |
| 20 | default. |
| 21 | MR. GILLESPIE: May I request time for the company to |
| 22 | find new counsel and -- |
| 23 | THE COURT: Well, they've got until the 19th of June, |
| 24 | I think. Okay? That will be the order today. |
| 25 | MS. BLAISE: Thank you, Your Honor. |

1 THE COURT: All right.
2 MR. GILLESPIE: Thank you, Your Honor.
3 (Proceedings concluded.)

C E R T I F I C A T E

I, Nancy L. Bistany, certify that the foregoing is a complete, true, and accurate transcript from the record of proceedings on June 12, 2019, before the HON. ROBERT W. GETTLEMAN in the above-entitled matter.

/s/ Nancy L. Bistany, CSR, RPR, FCRR          October 3, 2022
    Official Court Reporter                   Date
    United States District Court
    Northern District of Illinois
    Eastern Division